```
United States District Court
  District of Massachusetts
```

|                          |   |                    |
|--------------------------|---|--------------------|
| **Oxford Immunotec Ltd.,** | ) |                    |
|                          | ) |                    |
| Plaintiff,               | ) |                    |
|                          | ) |                    |
| v.                       | ) | Civil Action No.   |
|                          | ) | 15-13124-NMG       |
| **Qiagen, Inc. et al.,** | ) |                    |
|                          | ) |                    |
| Defendants.              | ) |                    |
|                          | ) |                    |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Oxford Immunotec Ltd. ("plaintiff" or "Oxford") alleges defendants Qiagen, Inc., Quest Diagnostics, Inc. and Laboratory Corporation of America Holdings (collectively, "defendants") infringed six of its patents relating to a method for diagnosing tuberculosis.

Pending before the Court is defendants' joint "emergency" motion 1) to preclude Oxford from offering constructions on 19 of its 61 claims and/or opposing defendants' proposed constructions, or, alternatively, 2) to modify the Scheduling Order (Docket No. 104) entered by this Court on December, 8, 2016. For the reasons that follow, defendants' motion will be denied.

## I. Background

Oxford is owner of six different patents describing a method for diagnosing tuberculosis in vitro (outside of the human body). The six patents-in-suit are: U.S. Patent Nos. 7,632,646, 7,901,898, 8,216,795, 8,507,211, 8,617,821 and 9,005,902. Oxford's amended complaint contains six counts alleging that defendants infringed each of those patents, in violation of 35 U.S.C. § 271(a)-(c).

In November, 2016, the Court held a scheduling conference, pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.6, to determine all pre-trial deadlines. Following that hearing, on December 6, 2016, the parties filed a joint motion to amend the schedule in order to resolve deadlines that fell on weekends. This Court allowed that motion and entered the operative Scheduling Order on December 8, 2016.

The Court entered, upon agreement by the parties, the following deadlines relevant to the instant motion:

1) March 15, 2017: the parties will exchange a list of claim terms to be construed and proposed constructions;

2) March 31, 2017: the parties will "meet and confer" to narrow the claim construction issues;

3) April 14, 2017: the parties will file preliminary claim construction briefs with replies due by May 1, 2017 and

4) May 25, 2017: the Court will conduct a Markman hearing.

-2-

According to defendants, plaintiff's March 15 disclosure merely asserted that the terms in its 61 asserted claims were entitled to their plain and ordinary meaning. Then, on March 28, 2017, plaintiff provided defendants with proposed constructions for many of the disputed terms but maintained that 19 of them should be afforded their plain meaning.

Defendants subsequently filed this motion to sanction plaintiffs for failing to comply with this Court's Scheduling Order, or, in the alternative, to modify the Scheduling Order. The Court allowed plaintiff an opportunity to oppose the motion, which it did on April 4, 2017.

## II. Defendant's Motion for Sanctions or to Amend the Scheduling Order

### A. Legal Standard

Pursuant to Fed. R. Civ. P. 16(f), a court may impose a sanction if a party fails to obey a scheduling order. One possible sanction is

> prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.

Fed. R. Civ. P. 37(b)(2)(A)(ii). The district court has "considerable discretion" as to whether sanctions are warranted and the choice of what sanctions should be imposed. Jones v. Winnepesaukee Realty, 990 F.2d 1, 5 (1st Cir. 1993) (citing

-3-

Media Duplication Servs., Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1238 (1st Cir. 1991)).

**B. Application**

Defendants generally aver that plaintiff should be sanctioned for asserting that 19 of the disputed claim terms should be construed by their plain meaning, purportedly in violation of this Court's Scheduling Order dated December 8, 2016. Plaintiff responds that it was not obligated to submit specific definitions for those terms and thus it complied with the Order.

First, defendants provide no authority for the proposition that plaintiff is required to provide definitions for any claim that it initially believes should be understood by its plain meaning. Although the Court must decide claim construction disputes, it can do so by adopting the plain meaning of a disputed term. See Perfect Curve, Inc. v. Hat World, Inc., 988 F. Supp. 2d 38, 52-53 (D. Mass. 2013) (citing, e.g., O2 Micro Int'l Ltd. v. Beyond Innovation Tech Co., 521 F.3d 1351, 1361 (Fed. Cir. 2008)) (noting that a court can adopt the plain meaning of a claim term if "it would resolve the parties' dispute concerning interpretation").

Defendants cite cases in which other district courts have requested alternative constructions in order to clarify the plain meaning of certain terms but in those cases, the courts

sought additional information at or after the Markman hearings. See, e.g., Mobile Telecomms. Techs., LLC v. UPS, No. 12-CV-3222, 2014 WL 1274003, at *2 (N.D. Ga. Mar. 17, 2014). Here, the parties have not yet submitted their opening claim construction briefs and the Markman hearing is scheduled for May 25, 2017. The parties had not yet even conducted a "meet and confer" to narrow and/or resolve their claim construction issues when defendants filed the instant motion.

Second, defendants are not prejudiced by plaintiff's initial position that some of the terms are entitled to their plain meaning because they will have several opportunities to respond to and address those terms in their pleadings and at the Markman hearing. See, e.g., Pulse Eng'g, Inc. v. Mascon, Inc., No. 08-cv-0595, 2009 WL 250058, at *4 (S.D. Cal. Feb. 3, 2009) (denying motion to exclude a particular claim construction because the party would "have every opportunity to evaluate and address the proposed construction during briefing").

Accordingly, because plaintiff's position that some of the claim terms should be construed according to their plain meaning is not a "flagrant" violation of this Court's December 8, 2016 Scheduling Order, Velez v. Awning Windows, Inc., 375 F.3d 35, 42 (1st Cir. 2004), sanctions are not warranted.

**ORDER**

For the forgoing reasons, defendants' motion to expedite and to preclude plaintiff from offering constructions or opposing defendants' proposed constructions (Docket No. 135) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 11, 2017